IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02665-WYD-PAC

JUAN SOLIS VILLAGOMEZ,

    Plaintiff(s),

v.

THE CITY OF AURORA; and
SHAWN KURIAN,

    Defendant(s).

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that the Unopposed Motion for Protective Order dated August 22, 2006 (doc. 17) is granted.  The attached Stipulation and Protective Order shall be filed with the court this date


Dated: September 1, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02665-WYD-PAC

JUAN SOLIS VILLAGOMEZ,

Plaintiff,

v.

THE CITY OF AURORA,
SHAWN KURIAN

Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each party and each Counsel of Record stipulate and move the Court for the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning, concerning Confidential Information in the course of depositions. The Parties assert the disclosure of certain of such information outside the scope of this litigation could result in significant harm to the public interest. The Parties have entered into this Stipulation and request that the Court enter the within Protective Order for the purpose of preventing the disclosure and use of certain Confidential Information as set forth herein.

2.  "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom ("Document") (a) not made available to the public; (b) not disclosed to a "Third Party Recipient," defined as an individual or entity other than (i) the custodian of the Document (including the custodian's employees, agents, and contractors) or (ii) the subject of any Document who has expressly directed in writing that the Document not be made public, except for disclosures exclusively made pursuant to paragraph 4 of this protective order or any disclosure that must be treated as confidential under statute, regulation, or case law; and (c) designated by one of the Parties in the manner provided in paragraph 3 below as containing (i) the personnel files of any of the Parties and/or any representative of any Party, (ii) Internal Affairs Bureau files, or (iii) any Document that must be treated as confidential by statute, regulation, or case law.  This protective order shall no longer apply to any Document upon disclosure of such Document to a Third Party Recipient, except for disclosures exclusively made pursuant to paragraph 4 of this protective order or any disclosure that must be treated as confidential under statute, regulation, or case law.  Disclosure of any document contained in a law enforcement surveillance file to a subject thereof shall not be deemed to be a disclosure that must be treated as confidential under statute, regulation, or case law.

3.  Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a.    By imprinting the word "Confidential – Subject to Protective Order" on the first page or cover of any document produced, such that none of the text or other content of the Document is covered by such imprinting;

    b.    By imprinting the word "Confidential – Subject to Protective Order" next to or above any response to a discovery request, such that none of the text of other content of the discovery request is covered by such imprinting; and

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential – Subject to Protective Order" no later than ten calendar days after receipt of the transcribed testimony.

4.    All Confidential Information may only be disclosed to the following persons, and only for the purpose of the Action:

    a.    This Court, including court personnel, court reporters, and persons operating video recording equipment at depositions in this action;

    b.    Counsel who have appeared of record for a party in this action and partners, associates, legal assistants, or other employees of such counsel assisting in the prosecution or defense of this action;

    c.    Persons retained by the parties or their attorneys to assist in the prosecution or defense of this action (including consultants or expert witnesses, and third-party vendors, and their employees, retained by the parties or counsel who are involved in one or more aspects of copying,

3

     microfilming, reorganizing, filing, coding, converting, storing, or retrieving data);

  d. Witnesses or potential witnesses; and

  e. The Parties, which, for purposes of this Order, includes officers, directors, and employees.

5. Prior to a Party's counsel disclosing Confidential Information to persons described in subparagraphs 4(c) or (d) above, the disclosing Party shall deliver a copy of this Order to such person(s) and obtain the affidavit in the form attached as Exhibit A, signed and dated by such persons. The provisions of this paragraph shall not apply to witnesses or potential witnesses who are also Parties or officers, directors, employees, or agents of Parties.

6. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either orally or in writing, to any other person, entity or governmental agency unless authorized to do so by this Protective Order or other court order.

7. The Party's counsel who discloses Confidential Information shall take all steps reasonable and appropriate to assure compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may, upon court order or agreement of the Parties, inspect the list maintained by counsel pursuant to paragraph 7 above

upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes or for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

10. During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. A Party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. The fact that information may technically come within the definition of Confidential Information set forth in paragraph 2 above

shall not preclude the Court from determining that the information shall not be made subject to this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of proving by a preponderance of the evidence that disclosure of the subject information outside the scope of this litigation would result in significant harm to the public interest.

12.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2, in a sealed envelope with the following statement typed conspicuously thereon:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**THIS DOCUMENT IS FILED UNDER SEAL UNLESS OTHERWISE ORDERED BY THE COURT, IT SHALL NOT BE REPRODUCED FOR, NOR SHOWN TO, PERSONS OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOUCMENTS UNDER THE PROTECTIVE ORDER ENTERED ON (DATE) IN JUAN SOLIS VILLAGOMEZ V. THE CITY OF AURORA, SHAWN KURIAN, CIVIL ACTION NO. 05-CV-02665-WYD-PAC.**

Any pleading or briefs filed by the Parties that either quote or discuss the contents of information designed as Confidential Information shall also be filed in sealed form.

13.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately either return to the producing party or ensure the destruction of all Confidential Information provided subject to this Protective Order, including all copies thereof. If the Confidential Information is destroyed, the Party's counsel shall provide the producing party with a certificate identifying the Confidential Information so destroyed, without disclosing its contents. At that time, counsel shall also file under seal with this Court, the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 7 herein.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this ___1st___ of ___September___, 2006.

**BY THE COURT:**

S/ Patricia A. Coan
United States Magistrate Judge

7

**STIPULATED AND AGREED TO:**


s/ David R. Juarez
David R. Juarez, Esq.
Donelson, Goodwin and Juarez, P.C.
11080 Circle Point Road, Suite 190
Westminster, Colorado 80020
Telephone: (303) 926-9066
Facsimile: (303) 457-1175
E-mail: davidjuarez@dg-esq.com
(Attorney for Plaintiff Juan Solis Villagomez)


s/ Peter Ruben Morales
Peter Ruben Morales, Esq.
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
E-mail: pmorales@auroragov.org
(Attorney for Defendants City of Aurora and Shawn Kurian)